**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **WATERBRIDGE TEXAS OPERATING, LLC, and WATERBRIDGE HOLDINGS, LLC,** | § § § | |
| *Plaintiffs,* | § § | |
| **v.** | § § | **PE: 23-CV-00035-DC-DF** |
| **PETRO GUARDIAN, LLC,** | § | |
| *Defendants.* | | |

<u>**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**</u>

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Waterbridge Texas Operating, LLC and Waterbridge Holdings, LLC ("Plaintiffs") Opposed Motion to Remand to State Court ("Motion to Remand") and Motion to Strike. (Doc. 6). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration and a hearing, it is **ORDERED** that Plaintiffs' Motion to Strike is **DENIED**. (Doc. 6). The Court also recommends Plaintiffs' Motion to Remand be **DENIED**. *Id.*

## I. BACKGROUND

Plaintiffs originally filed two cases against Defendant Petro Guardian, LLC ("Petro Guardian") in the 143rd Judicial District Court of Reeves County, Texas. (Doc. 6 at 2). Plaintiffs hired Petro Guardian to design, construct, install, and inspect lightning protection systems for two facilities: the Central Reeves facility ("Central Reeves case") and, at issue, the Zenyatta facility ("Zenyatta case"). *Id.* at 2–3. During weather events about two months apart, both facilities caught fire because of lightning strikes. *Id.* Plaintiffs allege that Petro Guardian

designed and installed lightning protection systems in a manner contrary to industry practice, resulting in system failures and lightning-related facility fires.

On September 15, 2023, Petro Guardian removed both cases to this Court based on diversity jurisdiction. (Doc. 6 at 3). Petro Guardian also moved to consolidate the cases. (Doc. 13). The Court found Petro Guardian improperly removed the Central Reeves case and remanded. *Waterbridge Tex. Operating, LLC v. Petro Guardian, LLC*, No. PE:23-CV-00034, 2024 WL 1580199 (W.D. Tex. Apr. 11, 2024), *R. & R. adopted*, 2024 WL 1994261 (W.D. Tex. May 6, 2024). This rendered the Motion to Consolidate moot and left only the Zenyatta case before the Court.

On October 13, 2023, Plaintiffs moved to remand the Zenyatta case and strike the affidavit submitted with Petro Guardian's removal notice. (Doc. 6). As in the Central Reeves case, the parties largely dispute the citizenship of Petro Guardian. (*See* Docs. 6, 12). Petro Guardian is an LLC with two registered members, Robert F. Morris, III[1] and Stephen D. Morris. (Doc. 12 at 10). Plaintiffs assert removal was improper because Stephen Morris resides in Texas and thus is not diverse from Plaintiffs. (Doc. 6 at 9–13). Petro Guardian, primarily relying on an affidavit from Stephen Morris ("Original Morris Affidavit"), counters that removal was proper because it met its burden to establish complete diversity. (Doc. 12 at 2). Thus, according to Petro Guardian, this case—the Zenyatta case—is removable for diversity of citizenship. *Id.* at 11.

Even so, after the Court remanded the Central Reeves case, Petro Guardian moved for leave in the Zenyatta case to file a supplemental response in opposition to Plaintiffs' Motion to Remand. (Doc. 19). The supplemental response included a new affidavit from Stephen Morris ("New Morris Affidavit") reasserting his Louisiana citizenship. (*See* Doc. 19-4). Plaintiffs did

---

1. The parties do not dispute that Robert Morris resides in Louisiana.

not respond to the Motion for Leave, and thus the Court granted the Motion as unopposed on May 21, 2024. (Doc. 22). The case is now fully briefed and ripe for disposition.

## II. LEGAL STANDARD

A defendant may remove a civil action brought in state court if the district court has original jurisdiction through either diversity of citizenship or existence of a federal question. *WMS, LLC v. Allied Prop. & Cas. Ins.*, 244 F. Supp. 3d 567, 570 (W.D. Tex. 2017). Diversity of citizenship requires the amount in controversy to exceed $75,000 and complete diversity among the parties. 28 U.S.C. § 1332(a). Diversity of citizenship is established at the time of filing. *Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 570–71 (2004).

If removed, however, a party may move to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing party bears the burden of establishing by a preponderance of evidence that federal jurisdiction exists, and removal was not procedurally defective. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *WMS*, 244 F. Supp. 3d at 570. "Where there is a defective allegation of citizenship, a removing party may supplement its allegations to cure the defect." *Molina v. Wal-Mart Stores Tex., LP*, 535 F. Supp. 2d 805, 807 (W.D. Tex. Feb. 27, 2008) (citing *D.J. McDuffie, Inc. v. Old Reliable Fire Ins.*, 608 F.2d 145, 147 (5th Cir. 1979)). Any doubt as to whether removal was proper should be resolved in favor of remand. 28 U.S.C. § 1447(c).

## III. DISCUSSION

### A. Plaintiffs' Motion to Strike Is Denied

Plaintiffs move to strike the Original Morris Affidavit filed with Petro Guardian's removal notice under Federal Rule of Civil Procedure 12(f). (Doc. 6 at 4). Under Rule 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). On its terms, Rule 12(f) applies only to

pleadings. *Stokes v. United States*, No. 17-CV-115, 2017 WL 11717525, at *1 (W.D. Tex. Dec. 11, 2017). Rule 7(a) defines what constitutes a pleading. FED. R. CIV. P. 7(a). Under Rule 7(a), affidavits are not pleadings, and thus not subject to Rule 12(f). *See United States v. Coney*, 689 F.3d 365, 379 n.5 (5th Cir. 2012) (citing 5C Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE 1380, 1380 n.8.50); *Morehouse v. Ameriquest Mortg. Co.*, No. 05-CV-75, 2005 WL 8160875, at *2 (E.D. Tex. July 14, 2005) ("[Affidavits] are not materials that can be properly stricken under a procedural Rule 12(f) motion."); *see also NexBank, SSB v. Bank Midwest, N.A.*, No. 12-CV-1882, 2012 WL 4321750, at *2 (N.D. Tex. Sept. 21, 2012) (denying a motion to strike a notice of removal because it was not a pleading under Rule 7(a)). As a result, the original Morris Affidavit is not a pleading under Rule 7(a), and Rule 12(f) does not apply.

Even if Rule 12(f) did apply, Plaintiffs have not shown the Original Morris Affidavit to be redundant, immaterial, impertinent, or scandalous. A federal court making a jurisdictional determination "has wide, but not unfettered, discretion" to determine what evidence to use when making the determination.[2] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Such evidence may include affidavits.[3] *Id.*; *see Molina*, 535 F. Supp. 2d 805 (W.D. Tex. 2008) ("A court may consider information contained in an affidavit filed subsequent to the notice of removal to

---

2. Plaintiffs contend that federal courts cannot look beyond the pleadings to determine diversity jurisdiction, citing language from the Supreme Court's decision in *Provident Savs. Life Assur. Soc. of N.Y. v. Ford*, 114 U.S. 635 (1885). (Doc. 6 at 5). But *Provident* applies to cases with assignment of a complete cause of action to defeat removal. *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 182–83 (5th Cir. 1990). The Fifth Circuit has also explained that the first *Provident* proposition—that federal courts cannot look beyond the pleadings— "was largely abandoned in subsequent decisions of [the Supreme Court], decisions which recognize that federal courts do possess some inherent authority to look beyond the pleadings…to protect a litigant's right to diversity jurisdiction." *Id.* at 183.

3. Plaintiffs also cite to *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996), contending that a self-serving affidavit is not an "other paper" under 28 U.S.C. § 1446(b)(3). (Doc. 6 at 4–5). Yet Petro Guadian timely removed this case under 28 U.S.C. § 1446(b)(1)—not 28 U.S.C. § 1446(b)(3). So Petro Gurdian does not contend— nor rely—on the "other paper" doctrine for removal. This is different than the Central Reeves case where Petro Guardian relied on the "other paper" doctrine because the 30-day window under 28 U.S.C. § 1446(b)(1) lapsed. *See Waterbridge Tex. Operating*, 2024 WL 1580199, at *3–4.

determine whether there is an adequate basis for removal."). For these reasons, it is **ORDERED** that the Motion to Strike is **DENIED**.

**B**. **Plaintiffs' Motion to Remand Should Be Denied**

Petro Guardian removed this action pursuant to 28 U.S.C. § 1446(b)(1) alleging complete diversity. (Doc. 1 at 3).[4] "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Here, there is no dispute that Plaintiffs are Texas citizens and likewise no dispute that Robert Morris is a Louisiana citizen. (Docs. 1 at 3; 6 at 7; 12 at 9 n.2). The parties only dispute the citizenship of Stephen Morris. As detailed below, the Court finds complete diversity present.

### 1. Petro Guardian's Removal Notice Failed to Allege Complete Diversity

Petro Guardian's removal notice failed to show complete diversity because it did not adequately allege the citizenship of Petro Guardian's members. (Doc. 1 at 3); *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). Petro Guardian is an LLC. "[T]he citizenship of an LLC is determined by the citizenship of all its members." *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)). So to adequately allege complete diversity, Petro Guardian needed to specifically allege the citizenship of Stephen Morris and Robert Morris. *Id.* (citing *Settlement Funding*, 851 F.3d at 536). Petro Guardian failed to do so.

Instead, Petro Guardian's removal notice alleges: "Defendant Petro Guardian is a Louisiana limited liability company with its principal place of business in Louisiana and is a

---

4. It is undisputed that Plaintiffs filed this case on August 11, 2023. Petro Gurdian was served the Original Petition on August 22, 2023. (Doc. 1 at 2). Petro Guardian then removed the case on September 15, 2023. (Doc. 1 at 1). Petro Guardian thus removed this case within the 30-day window allowed under 28 U.S.C. § 1446(b)(1). It is also undisputed that the amount in controversy exceeds $75,000. (Doc. 12 at 9 n.3).

citizen of the State of Louisiana for diversity purposes. Accordingly, Petro Guardian is of diverse citizenship to Plaintiffs." (Doc. 1 at 3). As a result, Petro Guardian incorrectly alleged complete diversity as if it were a corporation rather than an LLC. *MidCap*, 929 F.3d 314 ("[A]llegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation."). In fact, nowhere in the removal notice nor the Original Answer does Petro Guardian adequately allege the citizenship of its members.[5] Petro Guardian thus failed to adequately allege complete diversity in its removal notice. *See IFG Port Holdings, LLC. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 409 (5th Cir. 2024).

### 2. The New Morris Affidavit Shows Complete Diversity

In attempting to cure its jurisdictional allegations in the removal notice, Petro Guardian submitted a series of affidavits: (1) the Original Morris Affidavit, (2) the Robert Morris Affidavit, and (3) the New Morris Affidavit. (Docs. 1-7; 12-2; 22 at 5–6). Plaintiffs contend that the Court should disregard Petro Guardian's post-removal attempts to salvage diversity jurisdiction, and even if the Court were to consider the affidavits, the affidavits do not show complete diversity at the time of filing and removal. (Doc. 14 at 4–5). The Court nonetheless finds it proper to consider the post-removal affidavits.

#### a. Post-Removal Affidavits

Before determining whether any of the affidavits show complete diversity, the Court addresses whether post-removal affidavits may cure the defective allegations of citizenship in the removal notice. It is well established in the Fifth Circuit that, when making a jurisdictional assessment, a federal court is not limited to the pleadings and may look to any record evidence,

---

5. In the Original Answer, Petro Guardian "denies it has Texas members residing in Midland, Texas" but does not state the citizenship of either member. (Doc. 7-2 at 2). Such a general allegation without factual specificity is insufficient. *See Knighten Mach. & Serv., Inc. v. Aqua Terra Permian, LLC*, 2021 WL 2930093, at *2 (W.D. Tex. Feb 25, 2021) (asserting no members of an LLC were Texas citizens or maintained a principal place of business in Texas was factually insufficient).

including affidavits. *Coury*, 85 F.3d at 249. And "[w]here there is a defective allegation of citizenship, a removing party may supplement its allegations to cure the defect." *Molina*, 535 F. Supp. 2d at 807 (citing *D.J. McDuffie*, 608 F.2d at 147); *see also* 28 U.S.C. § 1653. As such, a court may consider information filed in a post-removal affidavit to determine whether removal was proper. *Id.*; *see Donegan v. Toro Co.*, No. EP-22-CV-00332, 2022 WL 17365275, at *6 (W.D. Tex. Nov. 30, 2022) (finding an affidavit submitted with defendant's response to plaintiff's motion to remand sufficient to show diversity). The Court thus considers the post-removal affidavits.[6]

As mentioned, Petro Guardian submitted three affidavits. The first affidavit was the Original Morris Affidavit, submitted with the removal notice. (Doc. 1-7). Petro Guardian then submitted an affidavit from Robert Morris ("Robert Morris Affidavit")[7] with its response to Plaintiffs' Motion to Remand. (Doc. 12-2). In the Central Reeves case, the Court found both the Original Morris Affidavit and the Robert Morris Affidavit insufficient to show complete diversity. *Waterbridge Tex. Operating*, 2024 WL 1580199, at *4–6. The Court does not repeat its analysis here. Rather, the Court focuses on Petro Guardian's third affidavit, the New Morris Affidavit, submitted with its Supplemental Response. (Doc. 22 at 5–6).

---

6. Plaintiffs direct the Court's attention to the Supreme Court's decision in *Grupo Dataflux*, 541 U.S. at 570–75. (Doc. 14 at 4–5). There the Supreme Court reiterated the long-held rule that "[w]here there is *no* change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." *Id.* at 576 (alteration and emphasis in original). Here, the Court seeks to determine Stephen Morris's domicile when the suit began, aligning with *Grupo*. Plaintiffs also cite to *Settlement Funding*, 851 F.3d at 536–37, but there the Fifth Circuit did not reach the issue of whether a post-removal affidavit could be considered because the party providing the affidavit admitted it was erroneous. (Doc. 14 at 5).

7. When the Court decided the Central Reeves case, there were only two affidavits. For this reason, the Court called the Robert Morris Affidavit the "Second Morris Affidavit." Now there are three affidavits and two of those affidavits are sworn statements by Stephen Morris, so the Court renames the affidavits for clarity.

### b. The New Morris Affidavit

Petro Guardian contends the New Morris Affidavit shows Stephen Morris was domiciled in Louisiana when the case was filed and removed. (Doc. 22 at 2–3). Although Plaintiffs did not respond to Petro Guardian's supplemental response, the Court understands that Plaintiffs contend no affidavit shows Stephen Morris was domiciled in Louisiana at the time the case was filed and removed. (Doc. 6 at 14). Plaintiffs also provide documents Petro Guardian filed with the Texas Secretary of State, which identify Stephen Morris as Petro Guardian's registered agent in Texas. (Docs. 6 at 4; 6-2; 6-3; 6-4). Under the Texas Business Organizations Code, as Plaintiffs point out, a registered agent for a foreign entity must be a Texas resident. Tex. Bus. Orgs. Code § 5.201(b)(1)(2)(A). Stephen Morris affirmed he was "an individual resident" of Texas in June 2019 and in March 2023. (Docs. 6-2; 6-3).

The Fifth Circuit recognizes a difference between *citizenship* and *residency*. *MidCap*, 929 F.3d at 313. "For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'" *Id.* (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). That said, "[c]itizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'" *Id.* (citing *Texas v. Florida*, 306 U.S. 398, 424 (1939)). In other words, to establish a person's domicile or citizenship, a removing party must show (1) physical presence in the state and (2) an intent to remain indefinitely. *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

Federal courts must consider several non-determinative factors when determining domicile. *Coury*, 85 F.3d at 251. These factors include where a person "exercises civil and political rights, pays taxes, owns real and personal property, has a driver's license and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or

employment, and maintains a home for his family." *Id.* Statements of intent to remain in a domicile or establish a new one are entitled to little weight if conflicting with objective facts. *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003).

The Court finds that the New Morris Affidavit shows complete diversity at the time of filing and removal. In the New Morris Affidavit, Stephen Morris states: "The property at 125 Chamale Drive was my home and primary residence during that time, specifically including May 31, 2023 through September 15, 2024, and up until April 3, 2024. I lived there with my wife, where we raised our four children together." (Doc. 22 at 6). He further clarifies that Louisiana was his home where he intended to remain from January 2020 until April 3, 2024.[8] *Id.* Stephen Morris also affirms that between January 2020 and April 2024 he voted in Louisiana, owned personal property in Louisiana, maintained bank accounts in Louisiana, and obtained a Louisiana hunting license. *Id.*

The New Morris Affidavit goes even further and touches on Stephen Morris's ties to Texas. He provides that he "visited Texas less than five times in 2023" and "visited Texas only once in 2024." *Id.* And he affirms that the "[d]ocuments filed with the Texas Secretary of State merely reveal that Petro Guardian has a 'business address' or 'registered office'" in Texas. *Id.* According to Stephen Morris, that property was neither his home nor where he intended to remain when this case was filed and removed. *Id.*

Looking at Plaintiffs' only proffered evidence—Petro Guardian's documents with the Texas Secretary of State—the Court finds no conflicting evidence.[9] The documents only show that Stephen Morris was a Texas resident to serve as a foreign entity's registered agent for the purpose of "being served any process, notice, or demand required or permitted by law." TEX.

---

8. Stephen Morris moved to Mississippi on April 3, 2024.

9. Plaintiffs also raised this argument at the May 20, 2024 hearing.

BUS. ORG. CODE § 5.201(a)(b)(1). Since an allegation of residency alone cannot satisfy an allegation of citizenship, the Court finds these documents inconclusive as to Stephen Morris's citizenship. *MidCap*, 929 F.3d at 313 (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)). At most the documents show that Stephen Morris was physically present in Texas. This corresponds with the New Morris Affidavit in which Stephen Morris asserts he visited Texas but did not intend to remain in Texas. (Doc. 22 at 6).

As a result, the Court finds the New Morris Affidavit shows Stephen Morris was a Louisiana citizen at the time of filing and removal. Accordingly, the undersigned **RECOMMENDS** Plaintiffs' Motion to Remand be **DENIED**.

## IV. CONCLUSION AND RECOMMENDATION

Petro Guardian established diversity of citizenship at the time of filing and removal. Accordingly, the undersigned **RECOMMENDS** Plaintiffs' Motion to Remand be **DENIED**. (Doc. 6). It is also **ORDERED** that Plaintiffs' Motion to Strike is **DENIED**. *Id.*

It is so **ORDERED**.

SIGNED this 24th day of May, 2024.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation **by certified mail, return receipt requested**. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).