IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| **WATERBRIDGE TEXAS OPERATING, LLC, and WATERBRIDGE HOLDINGS, LLC,** *Plaintiffs,* § § § § § § § § § § | P:23-CV-00035-DC |
| v. | |
| **PETRO GUARDIAN, LLC,** *Defendant.* | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the report and recommendation of United States Magistrate Judge David Fannin[1] concerning Waterbridge Texas Operating, LLC and Waterbridge Holdings, LLC's motion to remand and motion to strike.[2] In his report and recommendation, Judge Fannin recommends that the court deny the motion to strike and grant the motion to remand.[3] Petro Guardian, LLC timely objected to the report and recommendation.[4]

A party may serve and file specific written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court.[5] Because Petro Guardian timely objected to two portions of the report and recommendation, the Court reviews those portions of the report and recommendation *de novo*. A district court may

---

[1] ECF No. 30.
[2] ECF No. 6.
[3] *Id.*
[4] ECF No. 31.
[5] 28 U.S.C. § 636(b)(1)(C).

review the remaining portions of the magistrate judge's report and recommendation for clear error.[6] Having done so, the Court overrules Petro Guardian's objections and adopts the report and recommendation and **GRANTS** the motion to remand and **DENIES** the motion to strike.[7]

## BACKGROUND

As described by the Magistrate Judge, the Waterbridge plaintiffs are two limited liability companies doing business in Texas. Petro Guardian, LLC is a Louisiana limited liability company with two members, Robert F. Morris, III and Stephen D. Morris. Each Waterbridge entity independently sued Petro Guardian in the 143rd Judicial District Court of Reeves County, Texas. Petro Guardian removed both cases to this Court under diversity jurisdiction and moved to consolidate. The Court previously found that Petro Guardian improperly removed one of these cases and remanded to state court. *Waterbridge Tex. Operating, LLC v. Petro Guardian, LLC*, No. PE:23-CV-00034, 2024 WL 1580199 (W.D. Tex. Apr. 11, 2024), *R. & R. adopted*, 2024 WL 1994261 (W.D. Tex. May 6, 2024). The instant case remains.

The Waterbridge entities now move for remand and also move to strike an affidavit submitted with Petro Guardian's removal notice.[8] Waterbridge argues that Petro Guardian's removal notice suffered a fatal flaw by not naming all two of its members and by failing to establish their citizenship at the time the lawsuit commenced. Petro Guardian disagrees and

---

[6] *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[7] ECF No. 6.
[8] From here on, the Court will refer to both Waterbridge entities in the singular.

2

points the Court to a series of affidavits from Stephen and Robert Morris it believes satisfies its burden to establish complete diversity at the time of filing and removal.

The magistrate judge issued an earlier report and recommendation, on May 24, 2024, recommending this Court deny Waterbridge's motion to remand and the motion to strike.[9] Waterbridge filed their objections to that report and recommendation. For reasons described by separate order,[10] the magistrate judge withdrew its report and recommendation,[11] ordered supplemental briefing,[12] received that supplemental briefing[13] and issued the report and recommendation[14] of concern here.

Petro Guardian now objects to the following: (1) the magistrate judge's finding that Petro Guardian did not meet is burden to establish complete diversity by a preponderance of the evidence, and (2) the magistrate judge's finding that Petro Gaurdian failed to sufficiently plead jurisdictional facts.[15] Petro Guardian does not object to the magistrate judge's recommendation to deny Waterbridge's motion to strike.

## LEGAL STANDARD

A defendant may only remove a case over which the district court has original jurisdiction through either diversity of citizenship or the existence of a federal question.[16] "In cases removed from state court, diversity of citizenship must exist both at the time of

---

[9] ECF No. 23.
[10] ECF No. 26.
[11] ECF No. 25.
[12] ECF No. 26.
[13] ECF No. 27 & 28.
[14] ECF No. 30.
[15] ECF No. 31 at 2.
[16] 28 U.S.C. § 1441(a); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 295 (5th Cir. 2010).

filing in state court and at the time of removal to federal court."[17] Should such a removal prove faulty, a removed party may successfully remand.[18] On such a motion, the removing party must show by a preponderance of evidence that federal jurisdiction exists and removal was not procedurally defective.[19] "Where there is a defective allegation of citizenship, a removing party may supplement its allegations to cure the defect."[20] Doubts as to whether removal was proper should be resolved in favor of remand.[21]

## DISCUSSION AND CONCLUSION

The issue here seems to be one of repeated near misses.

Petro Guardian first objects to the magistrate judge's findings that it did not show by a preponderance that Robert Morris domiciles in Louisiana.[22] The Court notes that Petro Guardian enjoyed several attempts to cure any deficit in diversity of citizenship. In its first attempt, Petro Guardian submitted an affidavit from Stephen Morris with its removal notice but failed to identify *all* Petro Guardian members—there are two: Stephen and Robert Morris.[23] Robert Morris' name and existence is, for whatever reason, absent from that affidavit.[24] Strikingly, Stephen Morris also testifies only as to his citizenship as of the date he

---

[17] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).
[18] 28 U.S.C. § 1447(c).
[19] *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).
[20] *Molina v. Wal-Mart Stores Tex.*, LP, 535 F. Supp. 2d 805, 807 (W.D. Tex. Feb. 27, 2008) (citing *D.J. McDuffie, Inc. v. Old Reliable Fire Ins.*, 608 F.2d 145, 147 (5th Cir. 1979)).
[21] 28 U.S.C. § 1447(c).
[22] ECF No. 31 at 3–5.
[23] *See* ECF No. 1-7.
[24] *Id.*; *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("[T]he citizenship of an LLC is determined by the citizenship of all its members."); *see also* Knighten Mach. & Serv., Inc. v. Aqua Terra Permian, LLC, 2021 WL 2930093, at *2 (W.D. Tex. Feb 25, 2021) (a mere assertion that no members of an LLC Texas citizens or maintained a

signed the affidavit rather than as of the date of filing and at the time of removal.[25] In its second attempt, Petro Guardian supplemented its briefing with another sworn affidavit from Stephen Morris, this time affirming that he resided in Louisiana and intended to remain there indefinitely for a span of years covering both the filing date and removal date.[26] The magistrate judge pored over this affidavit and determined that it showed that Stephen Morris was domiciled in Louisiana for the requisite dates.[27] To be clear, Petro Guardian aims its objections solely at the evidence it believes cures deficits as to its third affidavit—the Robert Morris affidavit.

Indeed, Petro Guardian never objects that the magistrate judge viewed the Robert Morris affidavit too critically by finding that the affidavit alone was deficient.[28] In that affidavit, Robert Morris affirms that he resides in Louisiana at his home on Delta Lane, which he owns, and that he intends to remain in Louisiana indefinitely.[29] He also provides a Louisiana driver's license number but fails to state when it was issued. He does not, however, ever aver that on the requisite dates—again, the filing date and the removal date—that he domiciled in Louisiana prior to the date he signed the affidavit. These are the magistrate judge's conclusions, and, seeing no objection, the Court sees no reason to depart

---

principal place of business in Texas was factually insufficient to establish domicile or citizenship).
[25] *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).
[26] *See* ECF No. 12-2.
[27] ECF No. 30 at 9–11.
[28] ECF No. 31 at 3–4.
[29] ECF No. 12-2.

from them. Instead, Petro Guardian objects to the magistrate judge's analysis of Petro Guardian's "fourth attempt" to cure.[30]

After withdrawing the first report and recommendation, the magistrate judge ordered supplemental briefing on whether the Robert Morris affidavit established his domicile at the pertinent points to establish diversity, discussed above, and limited the parties' responses to evidence currently in the record.[31] For whatever reason, Petro Guardian blew past those limitations and submitted property records from the St. Tammany Parish Assessor's Office (notably, Petro Guardian did not proffer receipts of payments) and public filings evidencing pre-suit ownership of a business in Louisiana and requested the magistrate judge take judicial notice of each set of documents.[32] The magistrate judge took judicial notice of those records over objection and considered them under the principle that a court may not turn a blind eye to objective evidence on jurisdiction.[33]

The first question posed for de novo review is therefore a narrow one: Do Louisiana property tax records—but not proof of their payment—and evidence of pre-suit ownership of a business in Louisiana that span the filing date and removal date cure an otherwise deficient affidavit? They do not when that affidavit never specifies when that domiciliary began.

---

[30] ECF No. 30 at 13; ECF No. 31 at 3–4.
[31] ECF No. 26.
[32] *See* ECF No. 27.
[33] ECF No. 30 at 13 (citing *Arena v. Graybar Elec. Co.*, 669 F.3d 214 (5th Cir. 2012).

Courts consider the entire record to determine whether evidence of residency is sufficient to establish citizenship.[34] And to that end, Petro Guardian checks quite a few boxes as to whether Robert Morris domiciles in Louisiana. He has a Louisiana license, he owns a house in Louisiana, he owed property taxes on that house during the relevant times, he lives in that house and intends to remain there indefinitely, and he has provided evidence of pre-suit ownership of a business in Louisiana. Certainly Petro Guardian could have provided better evidence that might show that the driver's license is current, or that he indeed paid taxes on the Delta Lane property. But given the slippery temporal nature of domiciliary,[35] all that Petro Guardian lacks is averment that Robert Morris intended his residence in Louisiana to transmogrify into domicile *for the relevant times*.[36] A simple issue, but one Petro Guardian has failed to rectify despite many opportunities to do so.

As to whether Petro Guardian failed to plead diversity jurisdiction in its removal notice, the magistrate judge correctly held that the removal notice alleges complete diversity as to Petro Guardian under corporate diversity jurisprudence rather than LLC.[37] The only cogent objection posed by Petro Guardian explaining that it had indeed pleaded citizenship as to the LLC's members rather than its principle place of business points to its own response to the motion to remand rather than address the fault of its own pleadings head

---

[34] *Donegan v. Toro Co.*, No. EP-22-CV-00332, 2022 WL 17365275, at *5 (W.D. Tex. Nov. 30, 2022).
[35] § 28 THE MEANING OF CITIZENSHIP, 20 FED. PRAC. & PROC. DESKBOOK § 28 (2d ed.) (" A citizen of the United States can change domicile instantly.").
[36] *See Coury*, 85 F.3d at 249.
[37] *See* ECF No. 1; ECF No. 30.

on.[38] The Court therefore sees no reason to disturb the magistrate judge's findings that Petro Guardian's pleadings are deficient.[39]

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge David Fannin[40] is **ADOPTED**. Waterbridge Texas Operating LLC and Waterbridge Holdings LLC motion to remand is **GRANTED** while its motion to strike is **DENIED**.

The Court **ORDERS** that this case be remanded to the 143 Judicial District Court of Reeves County, Texas.

It is also **ORDERED** that any other pending motions be **DENIED AS MOOT**.

It is so **ORDERED**.

SIGNED this 18th day of August, 2024.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[38] *See* ECF No. 31 at 5.
[39] *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) ("Frivolous, conclusive or general objections need not be considered by the district court.")
[40] ECF No. 30.